## SUPREME COURT.

HENRY G. MUKLAN and OLIVER S. LELAND agt. STEPHEN DOTY.

An *order of arrest* should be obtained on *affidavits;* no issue as to alleged fraud can be made by the *pleadings*.

Where statements made in an affidavit to obtain an order of arrest were, that the defendant made representations to the plaintiffs, upon faith of which they received and gave the money for the check (sued on) and which representations were charged to have been *false, held* sufficient (if true, and they were not denied) to sustain the arrest.

*New York Special Term, June,* 1860.

BONNEY, Justice.    The defendant moves to vacate the order of arrest in this action on two grounds :

· 1. That the summons and complaint do not state a case in which the defendant can be held to bail. The summons is for a money demand or contract, and the complaint seeks to charge the defendant as endorser of a bank check. In neither is their any allegation of fraud, on which defendant's counsel insists that no bail can be required in the action. The cases of *Sellar* agt. *Sage,* (13 *How. Pr. R.,* 230,) and *Corwin* agt. *Freeland, et al.* (2 *Sel.,* 560,) are direct authorities that such allegations in a complaint are neither necessary nor proper. The order for arrest should be obtained on affidavits, and no issue as to the alleged fraud can be made by the pleadings.

2. It is contended that the affidavit on which the order of arrest was granted, is not sufficient to authorize such

NEW YORK PRACTICE REPORTS. 237

order. This objection, in my opinion, is not well taken. The affidavit alleges representations by the defendant made to the plaintiffs, upon faith of which they received and gave the money for the check, and which are charged to have been false, are quite sufficient, in my judgment, to bring the case within the provisions of section 179 of the Code; and if the statements in the affidavit are true, (and they are not now denied,) plaintiffs were, I think, entitled to have the warrant issued.

Motion denied, with ten dollars costs to plaintiffs.